## State v. Johnston
### [Cite as 8 AOA 312]

*Case No. 89 CA 175*
*Mahoning County, (7th)*
*Decided December 6, 1990*

*James R. Lanzo, 32 State Street, Suite 205, Struthers, Ohio 44471, for Plaintiff-Appellee.*

*Eugene R. Smith, P.O. Box 253, 11695 Market Street, North Lima, Ohio 44452, for Defendant-Appellant.*

DONOFRIO, J.

This is an appeal from the Municipal Court of Struthers, Ohio, from a judgment of the trial court finding defendant-appellant, Ernest Johnston, guilty of assault, a violation of R.C. 2903.13. Appellant was fined $25.00 and was ordered to make restitution of $64.00.

On May 10, 1989, appellant was assisting his girlfriend in moving from her parents' residence in Springfield Township, Mahoning County, Ohio. The girlfriend's mother, Judith Black, attempted to prevent her daughter from leaving the residence. According to testimony of Judith Black, who is the victim and now appellant's mother-in-law, she chased her daughter and attempted to keep her from taking suitcases to the pickup truck and to stop her from leaving. The victim was standing in the bed of the pickup truck, trying to hold onto the driver's side door. Appellant opened the door causing the victim to slip and fall to the ground. As a consequence of this fall, the victim received multiple bruises and required medical attention.

Appellant sets forth two assignments of error, which state:

"1. The Court erred in entering a finding of guilt in that the State of Ohio failed to prove guilt beyond a reasonable doubt thereby failing to meet its burden of proof.

"2. The Court erred in entering a finding of guilt in that the State failed to establish the element of knowingly as defined in O.R.C. section 2901.22(B)."

We find appellant's assignments of error have merit for the following reason.

Although there is some conflict in the record by the testimony of the parties and witnesses involved, the only area where the State indicates that there was an assault was by virtue of the appellant opening the door to the pickup truck. The victim standing in the bed of the truck, with her hand on the door, fell. Thus, a question arises as to whether or not appellant intentionally pushed out the door to break the victim's hold on the door or whether the victim merely slipped and fell out of the bed of the truck. Appellant was charged with a violation of R.C. 2903.13(A), which states that: "No person shall knowingly cause or attempt to cause physical harm to another."

A thorough reading of the record indicates that it is doubtful that the State proved the elements therein. The victim was a very active participant in attempting to restrain her daughter from leaving with the appellant. The record indicates that appellant was trying to avoid the confrontation. A person acts knowingly, as defined in R.C. 2901.22(B), if he is aware that his conduct will probably cause a certain result. In the case at bar, the prosecution was required to prove, according to R.C. 2903.13(A), that appellant knowingly caused or attempted to cause injury to the victim. The trial court found that appellant did not attempt to cause the victim's injuries but that his actions resulted in her injuries. The issue on appeal then is whether the appellant acted knowingly in regard to the specific acts which resulted in the victim's injuries.

The record before us does not establish the element of knowingly beyond a reasonable doubt. This fact is further reinforced by the trial court's own statement in the record at page 80:

"*** He (the defendant) jumped out. He wanted to get away. He wanted to end it. He didn't -- and I don't think at any time he intended to hurt anybody. But, nevertheless, there was unlawful touching of a mother who was attempting to hold her daughter back." (Insert added.)

Appellee State also points to page 80 of the transcript in support of sustaining the trial court's judgment where the trial court stated that:

"*** And I feel quite certain and I feel beyond a reasonable doubt that there was tugging and wrestling and grabbing in the cab of that truck because Judy Black wasn't going to give up. And I think somebody had to hold her there while her daughter swirled into the truck."

In conclusion, we find that there was insufficient evidence in the record that appellant knowingly acted in a manner which would cause the victim to suffer injuries.

For the foregoing reasons, we sustain appellant's assignments of error and reverse the judgment of the trial court.

Judgment reversed and appellant is discharged.

O'NEILL, P.J., concurs., COX, J., concurs.